UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Isis Gipson, | File No. 24-CV-04283 (JMB/JFD) |
| Plaintiff, | |
| v. | ORDER |
| EEOC, *Equal Employment Opportunity Commission*; Diane Sandstrom; and Laura Buss; | |
| Defendants. | |

This matter is before the Court on self-represented Plaintiff Isis Gipson's application to proceed in forma pauperis (IFP Application) in her lawsuit against Defendants Equal Employment Opportunity Commission (EEOC), Diane Sandstrom, and Laura Buss (both of whom are EEOC officials) regarding their handling of charge of discrimination that Gipson brought against her former employer. (Doc. No. 2). For the reasons discussed below, Gipson's Complaint fails to state any claim upon which relief may be granted and, as a result, her Complaint will be dismissed and her IFP application will be denied as moot.

BACKGROUND

According to the Complaint, in June 2024, Gipson filed a charge of discrimination with the EEOC in which she alleged that her former employer had engaged in unlawful discrimination against her on the basis of her sex. (Doc. No. 1-1 at 3.) At some point during the subsequent investigation of her allegations, the EEOC requested that Gipson provide additional evidence in support of her allegations within twenty-four hours. (*Id.*)

1

Gipson erroneously assumed that an attorney would provide the requested information and, therefore, took no action in response to the request. (*Id.*) As a result, the EEOC did not receive the requested information; the EEOC thereafter closed the case and issued a Right to Sue notice. (*Id.*)

In her Complaint, Gipson alleges that the EEOC violated both the Administrative Procedures Act and her procedural due-process rights by acting arbitrarily and capriciously when it: (1) provided only twenty-four hours to furnish requested information; (2) closed her case without considering her excusable neglect in complying with the twenty-four hour response timeline; and (3) declined to reopen her case after it had issued the Right to Sue notice. (*See* Doc. No. 1-1 at 4.)

## DISCUSSION

An IFP application will be denied, and an action will be dismissed, when the underlying Complaint fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). When reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in it and draw all reasonable inferences in the plaintiff's favor. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). The court may disregard legal conclusions that are "couched as factual allegations." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570.

Although complaints drafted by self-represented litigants are to be construed liberally, they must still allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### A.  APA CLAIMS

Gipson's APA claims fail for two reasons. First, "Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge." *Swinson v. EEOC*, Case No. 4:24-CV-00967-MTS, 2024 WL 4625908, at *2 (E.D. Mo. Oct. 30, 2024) (quoting *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) (collecting cases)). Rather, courts have concluded that Title VII provides "an all-purpose remedy for charging parties who are dissatisfied with the EEOC's handling of their charge." *Id.* (citing *Ward v. EEOC*, 719 F.2d 311, 313-14 (9th Cir. 1983)). Therefore, to the extent that a charging party challenges the EEOC's investigation, her remedy is to file suit against her *employer*, not the EEOC. *Id.*; *see also Mora v. Barnhart*, Case No. C12-2215JLR, 2013 WL 2285970, at *4 (W.D. Wash. May 22, 2013 ("By enacting Title VII, Congress intended to create a private right of action against the *employer*—rather than the EEOC—in order to remedy the EEOC's mishandling of a discrimination charge.")).

Second, the APA permits judicial review of agency decisions only when "agency action [is] made reviewable by statute and final agency action for which there is no remedy in court." 5 U.S.C. § 704. The EEOC's case-management decisions made in the course of handling charges of discrimination are not such decisions. In fact, "courts have uniformly held that no cause of action exists [under the APA] with respect to EEOC's handling of

3

discrimination claims because Congress has given plaintiffs a right to file a de novo lawsuit against the allegedly discriminating employer." *Rude v. Laughing Sun Brewing Co., LLC*, Case No. 1:20-CV-029, 2020 WL 1073958, at *2 (D.N.D. Mar. 5, 2020) (citing cases); *see also Ward v. EEOC*, 719 F.2d 311, 313-14 (9th Cir. 1983) ("The EEOC's negligence or inaction in the internal processing of a complaint has no determinative consequences because such actions are merely preparatory to a lawsuit by either the EEOC or the charging party in federal district court; only the district court may fix liability."); *Swinson*, 2024 WL 4625908, at *2 ("The APA does not provide a cause of action to challenge the actions taken by the EEOC in processing Plaintiff's discrimination complaint.") (quoting *McCall v. Yang*, 179 F. Supp. 3d 92, 95 (D.D.C. 2016)).

### B.    DUE PROCESS CLAIMS

Although not expressly asserted, it appears that Gipson's due-process claim is brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which provides for a cause of action under the Constitution "against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." *Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998) (citing *Bivens*, 403 U.S. 388).  For the reasons discussed below, Gipson cannot maintain a *Bivens* claim against either the EEOC or the individual defendants.

First, *Bivens* claims do not apply to claims against the United States or its agencies, including the EEOC. *FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994) (declining to extend *Bivens* to federal agencies).

Second, with respect to the individual defendants, the U.S. Supreme Court has recognized a cause of action under *Bivens* in only three narrow circumstances, none of which are described in the Complaint.  *See Ahmed v. Weyker*, 984 F.3d 564, 567 (8th Cir. 2020); *see also Hernandez v. Mesa*, 589 U.S. 93, 101 (2020) (expressing reluctance to extend *Bivens* beyond already-recognized applications because such extension is a "disfavored judicial activity" (internal citation omitted)).  The Supreme Court has not recognized the application of *Bivens* in claims arising from EEOC officials' handling of discrimination charges.  Nothing militates in favor of extending *Bivens* to this context where an adequate remedy already exists for such claims under Title VII.  *See, e.g.*, *Egbert v. Boule*, 596 U.S. 482, 493 (2022) ("If there are alternative remedial structures in place, that alone, like any special factor, is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action." (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 137 (2017))); *Mora*, 2013 WL 2285970 at *4 ("The court will not imply a *Bivens* action in this case because [plaintiff] has an adequate remedy for the EEOC's alleged mishandling of her claims against the Census Bureau: a suit against the Census Bureau itself."); *see also Flemings v. U.S. Security Assoc., Inc.*, Case No. 18-CV- 24861, 2020 WL 981183, at *4 (S.D. Fla. Jan. 31, 2020) (collecting cases and concluding that Title VII, which provides a private cause of action against the plaintiff's employer, provides an adequate remedy for claims against EEOC officials for their purported mishandling of employment discrimination claims).  Thus, because courts have not extended *Bivens* to claims such as those raised by Gipson, and because Title VII provides an adequate remedy for Gipson's claims that EEOC officials mishandled her discrimination claims against her employer—

namely, a cause of action directly against her employer—she has no viable *Bivens* claim here.

Having Gipson's Complaint and finding no cognizable cause of action, the Court dismisses this action dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). As a result, Gipson's IFP Application is denied as moot.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Plaintiff Isis Gipson's Complaint (Doc. No. 1) is DISMISSED WITHOUT PREJUDICE for failure to state a claim.

2. Plaintiff Isis Gipson's IFP Application (Doc. No. 2) is DENIED as moot.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  January 17, 2025                                    /s/ *Jeffrey M. Bryan*
                                                            Judge Jeffrey M. Bryan
                                                            United States District Court